IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

**Civil Action Number: 02-CV-00806-JLK-MJW (Consolidated with 03-K-01075)**

PHILLIP CAMERON, et al.,

Plaintiffs,

v.

GROUP VOYAGERS, INC., d/b/a COSMOS, and DOES 1-50 inclusive,

Defendants and Third-Party Plaintiffs,

v.

FROTA AZUL, a Portugese entity,

Third Party Defendant.

---

## MINUTE ORDER

---

It is hereby **ORDERED** that the Defendant/Third Party Defendant Frota Azul's Motion to Compel Translation of Documents (docket no. 278) and Plaintiffs' Cross Motion to Compel Defendant Frota Azul (docket no. 285) are both **GRANTED** as follows.

The party who produced any medical record or other document that is not in English but is in a foreign language, shall translate such medical record or other document into English **on or before August 5, 2005**, and deliver the same to the other parties.  The party who produced any medical record or other document shall bear the costs for such translation.  Any **future** medical record or other document produced by any party during this litigation that is not in English shall be translated into English by the producing party and that party shall bear the cost of such translation.

In this case, numerous medical records and other documents have been

exchanged between the parties through discovery.  Many of these medical records and other documents are not in English but are in other foreign languages.  Responses to other outstanding discovery requests cannot be answered fully until such medical records and other documents are translated into English.  Moreover, many of these medical records and other documents may be used as exhibits at trial and will need to be translated into English so that the court can determine the admissibility of such medical records and other documents under the Federal Rules of Evidence.

It is **FURTHER ORDERED** that the Plaintiffs' Motion to Compel Independent Medical Reports from Defendant Frota Azul (docket no. 262) is **DENIED**.  A party seeking disclosure under Fed.R.Civ.P. 26(b)(4)(B) carries a heavy burden in demonstrating the existence of exceptional circumstances.  Ager v. Jane C. Stormont Hospital & Training, Etc., 622 F.2d 496, 503 (10th Cir.1980)(referring to Rule 26(b)(4)(B), and holding that "the identity, and other collateral information concerning an expert who is retained or specially employed in anticipation of litigation, but not expected to be called as a witness at trial, is not discoverable except as 'provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.'").  In this case, Defendant Frota Azul in his Opposition states that, "Rather, all existing non-testifying experts' reports were provided to all parties on June 22, 2005. As such, it is unclear what additional relief Plaintiffs are seeking." (See Defendant, Third Party Defendant, Frota Azul's Opposition, at 2).  Moreover, Plaintiffs have not made the necessary showing of exceptional circumstances required to compel further discovery concerning such reports.

Date:  July 13, 2005