IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **02-cv-00806-JLK-MJW (consolidated with 03-cv-01075-JLK)**

**PHILLIP CAMERON and YURIKA CAMERON, et al.**,

       Plaintiffs,

v.

**GROUP VOYAGERS, INC., d/b/a COSMOS, and DOES 1-50 inclusive**,

       Defendants and Third-Party Plaintiffs,

v.

**FROTA AZUL, a Portugese entity,**

       Third-Party Defendant.

---

ORDER

---

KANE, J.

Discovery in this multinational personal injury action has been stayed[1] pending resolution of Frota Azul's Motion for Summary Judgment (Doc. 230) on issues of

---

[1] I note that while the last formal iteration of the discovery cutoff date provided for discovery to be concluded by June 24, 2005, sufficient complications and disputes have arisen to cause the discovery process to drag on. This has proven problematic given the parties' insistence on a dispositive motions deadline that preceded even the original discovery cutoff date. Because discovery was ongoing long after briefing on the parties' various motions for summary judgment was complete, there have been repeated requests to supplement briefs as new information is learned, and concomitant objections and motions to strike efforts at supplementation as untimely. *See e.g.*, Plaintiffs' Motion to Supplement Response to GVI's November 2004 Motion for Summary Judgment, filed yesterday, August 18, 2005, seeking to supplement a response filed in January 2005 for "newly discovered evidence."

defense and indemnification. Specifically, Frota Azul denies GVI has adduced any evidence to support its contention that it was an intended beneficiary of Frota Azul's agreement with Tourama to hold Tourama, defined in the agreement as "COSMOS" and its "associated companies and agents" (also defined as "Cosmos") "indemnified against any loss, damage or expense (including costs) incurred in relation to claims which may be made against Cosmos as a result of the negligence of [Frota Azul's] Coach Contractor." GVI, which did and continues to do business as "Cosmos," maintains it was an "associated" Cosmos entity at the time of the agreement such that it is entitled both to a defense and, if necessary, indemnification from Frota Azul under the Agreement. Because there is sufficient evidence in the record to support GVI's contention, I deny the Motion.

> The relevant provisions in the indemnification are as follows:
>
> This Agreement is made in Grancia/CH the day 6th of February, 2001 between TOURAMA LIMITED of Nassau (hereinafter called "COSMOS") represented by Globus Travel Service sa/Grancia (hereinafter called "Globus") of the one part and Mr. Curvo De Deus (hereinafter called the Coach Contractor) of the other part who contracts as Proprietor / Lessee / Director / Manager / Agent of the FROTA AZUL of ODVELAS/LISBON and who declares that he has power and authoirty to enter into this Agreement.
> Now it is HEREBY AGREED as follows:

\* \* \*

> (IV) That the Coach Contractor will hold Tourama Limited, its associated companies and agents (herein collectively referred to as "Cosmos") indemnified against any loss, damage or expense (including costs) incurred by Cosmos in relation to any claims which may be made against Cosmos as a result of the negligence of the Coach Contractor or of any failure by the Coach Contractor to observe the provisions of paragraphs [governing proper insurance, licensing and observation laws regarding driving hours and rests].

The Agreement is signed by Mr. De Deus on behalf of the Coach Contractor, and by an agent of Globus, "on behalf of" Tourama, d/b/a "COSMOS."

It is clear to me that irrespective of any additional information that could be provided by Mr. De Deus, factual disputes preclude a ruling in favor of Frota Azul on its Motion for Summary Judgment. The issue is not whether GVI was a "party" to the contract or an independent "third-party beneficiary" of it. The issue is whether GVI is an associated "Cosmos" entity as that term is defined in the agreement. On Frota Azul's Motion for Summary Judgment, moreover, the issue is not whether the weight of the evidence bears out Frota Azul or GVI's position regarding GVI's status, but whether a reasonable trier of fact *could* find, on the facts in the record, that GVI was, indeed, an associated "Cosmos" entity. Clearly, on the record to date, he or she could.

Mr. De Deus's statement that he believed he was contracting with Tourama only and "had never heard of [GVI] until this lawsuit was filed," *see* Affid. of Curvo De Deus (attached as Ex. B to FA's Mot. Summ. J.), compels no contrary conclusion. Based on

3

facts permitting an inference that a worldwide web of associated "Cosmos" entities exist, Mr. De Deus's unfamiliarity with any one or more of them may be completely immaterial to the indemnification issues raised.

The existence of material factual disputes preclude entry of summary judgment in Frota Azul's favor on its Motion for Summary Judgment on indemnification issues. The Motion (Doc. No. 230) is therefore DENIED.  The stay of discovery is LIFTED and the parties' request for a continued settlement conference is REFERRED to Magistrate Judge Watanabe.

Dated:  August 23, 2005

BY THE COURT:

**s/JOHN L. KANE**
SENIOR JUDGE
UNITED STATES DISTRICT COURT